**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4455**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM JUSTIN MARSHALL,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:06-cr-00562-CMC)

───────────

Submitted: December 14, 2007      Decided: January 8, 2008

───────────

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Katherine E. Evatt, Assistant Federal Public Defender, Aileen P. Care, Research & Writing Specialist, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Marshall pled guilty to conspiracy to possess with intent to distribute five grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute five grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Marshall to concurrent 168-month terms on both counts. Marshall appealed, challenging only his sentence. We affirm.

Marshall first contends 6.68 grams of crack he sold during a controlled buy should have been calculated as powder cocaine for sentencing purposes; he asserts the substance transacted during the controlled buy had been reduced to a powder form and was therefore not "lumpy" and "rocklike," as the Sentencing Commission has described crack. Because Marshall did not raise this contention in district court, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Under the plain error standard, Marshall must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732-34. When these conditions are satisfied, we may exercise discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

The sentencing guidelines define crack as "a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and <u>usually</u> appearing in a lumpy, rocklike form." <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c) (Drug Quantity Table), note (D) (2006) (emphasis added). Here, a Government chemist determined the substance Marshall sold was "crushed crack cocaine," and Marshall fails to demonstrate the substance was not crack. We therefore find no plain error in the treatment of this substance as crack for sentencing purposes.

Marshall also challenges the sentencing calculation's inclusion of crack found pursuant to a warrantless search of a vehicle. At the sentencing hearing, the Government conceded the vehicle was not located on the property for which a warrant authorized a search nor on the curtilage of the property described in the search warrant. Nevertheless, the district court found Marshall lacked standing to challenge the search of the vehicle, as Marshall disavowed ownership, a possessory interest, or even knowledge of the vehicle on the evening of the search. <u>See</u> <u>Rakas v. Illinois</u>, 439 U.S. 128, 148-49 (1978) (holding defendant must establish legitimate expectation of privacy in vehicle to challenge use of evidence found during search under Fourth Amendment). Furthermore, in a pre-sentencing guidelines case, we held "the disadvantages of applying the exclusionary rule at sentencing are large, the benefits small or non-existent, and . . .

the rule should therefore not be extended" to the sentencing context.  <u>United States v. Lee</u>, 540 F.2d 1205, 1212 (4th Cir. 1976); <u>see also</u> <u>United States v. Nichols</u>, 438 F.3d 437, 441 (4th Cir. 2006) (noting other circuit courts "relied largely on the same reasoning we articulated in <u>Lee</u>" in post-guidelines context).  We therefore find no error in the use of this evidence in calculating Marshall's sentencing guidelines range.

Accordingly, we affirm Marshall's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>